IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-569

| | |
|---|---|
| DAVID D. VEREEN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE # 32, 36). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") wherein he recommends that the court deny plaintiff's motion, grant defendant's motion, and uphold the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed objection to the M&R, and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

A detailed summary of the factual history of the case is found in the M&R, has been adopted by plaintiff, and is not necessary to reproduce in its entirety here. (See M&R 4-16.)

Plaintiff filed an application for a period of disability and disability insurance benefits

("DIB") on November 9, 2007, alleging a disability onset date of January 13, 2005. His claim was initially denied and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ"), and on March 3, 2010, the ALJ issued decision denying plaintiff's request for benefits. On October 27, 2010, the Appeals Council denied plaintiff's request for review. Plaintiff filed complaint in this court for review of the final administrative decision.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales. 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for

adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

The ALJ employed the sequential evaluation in this case. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since January 2005. At step two, the ALJ found that plaintiff suffered from various impairments. At step three, the ALJ determined that the impairments were not severe enough to meet the impairments listed in the regulations and that plaintiff had the residual functional capacity ("RFC") to perform light work with certain exceptions. At step four, the ALJ determined that plaintiff was not able to perform his past work, but based on the testimony of the vocational expert, could perform various jobs available in the national economy. Accordingly, the ALJ determined that plaintiff was not under a disability at any time through the date of her decision.

B.  Analysis

Plaintiff raises one objection to the magistrate judge's analysis in the M&R. Plaintiff argues that the magistrate judge failed to consider if the ALJ correctly evaluated the opinions of plaintiff's treating physician under the correct legal standard. After careful consideration of the arguments presented and the evidence in the record, the court overrules plaintiff's objection for the reasons set forth below.

Though the opinion of a treating physician is generally entitled to "great weight," the ALJ is not required to give it "controlling weight." Craig, 76 F.3d at 590; Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. "If a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight, i.e., it must be adopted." SSR 96-2p.

Plaintiff argues that the ALJ failed to evaluate the opinions of plaintiff's treating physician, Dr. Amy Rosenthal ("Dr. Rosenthal"), under Hines v. Barnhardt, 453 F.3d 559, 563 (4th Cir. 2006). Dr. Rosenthal offered two opinions that plaintiff could not work. (R. 381, 610-13.) Specifically, plaintiff argues that the ALJ did not weigh the medical opinion of Dr. Rosenthal pursuant to the non-exhaustive list laid out in Hines. This list includes: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist. Id. (citing Johnson v. Barnhardt, 434 F.3d 650, 654 (4th Cir. 2005)).

As a preliminary matter, the court does not agree with plaintiff's contention that the ALJ did not consider the Hines factors. Hines sets forth a "non-exclusive list." 453 F.3d at 563. Hines does not require that an ALJ specifically list each of the Hines factors in his or her opinion, nor does plaintiff cite any authority that would suggest as much. Plaintiff argues that the ALJ has to consider the Hines factors, memorialized in at 20 C.F.R. § 404.1527(d), yet the ALJ clearly states in her opinion that she has "also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, and 06-3p." (R. 15.) SSR 96-2p specifically addresses how the ALJ is supposed to evaluate treating source medical opinions. This, as well as the language of the ALJ's findings, reveal that the ALJ was aware that Dr. Rosenthal is plaintiff's treating physician, which is why the ALJ specifically addresses the reasons she afforded Dr. Rosenthal's opinions little weight. The record simply does not support plaintiff's contention that the ALJ failed to consider the factors of Hines, where the ALJ cited the correct legal standard and explained her reasoning.

The remainder of plaintiff's arguments in support of his objection to the M&R essentially ask the court to reweigh evidence and second-guess the ALJ's consideration of the facts in the record. The court reminds that "[i]n reviewing and ALJ's finding for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing Craig, 76 F.3d at 589). The court's review, rather, is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-40 (4th Cir. 1997). Under this standard, the court agrees with the magistrate judge that the ALJ appropriately considered the facts,

considered the opinion evidence of Dr. Rosenthal, and discounted such opinion because of the substantial evidence in the record that contradicted it.

Plaintiff makes much of the dispute over whether Stephanie Sanders ("Sanders"), whose findings on the DDS Physical Residual Functional Capacity Assessment suggested that plaintiff could engage in light exertion with overhead restrictions, is a doctor or a "single decision maker" ("SDM"). If she is an SDM, plaintiff argues, her opinion could not overrule that of Dr. Rosenthal's. Regardless of whether or not Sanders is a SDM or a physician, the court notes that the ALJ did not simply compare Sanders' opinion with Dr. Rosenthal's and adopt the latter over the former.[1] Instead, Sanders' assessment was one piece of a substantial amount of evidence in the record that suggested plaintiff's limitations were not as severe as Dr. Rosenthal suggested them to be on October 15, 2009.[2]

The court points to numerous records from the VA from physicians and physical therapists, among others, who suggest that plaintiff communicated to psychologists that he was walking distances in 2008 (R. 337, 339, 341, 346, 349), exhibited some limitations of movement but no disability in his right knee (R. 394), appeared well in 2009, (R. 506), had normal or good radiology

---

[1] Plaintiff's arguments regarding the dispute over whether Sanders is an SDM or physician fall short. Plaintiff points to the Disability Determination Transmittal records, which include a form, completed electronically, that includes "SDM Medical Consultant" below Sanders' name. However, also beside Sanders' name is a box labeled "Physician or Medical Spec. Signature," which box includes the reference, "See RFCF dated 7/15/2008." (R. 53.) Turning to the RFCF dated 7/15/2008, found in the record at page 453, this page refers to Sanders as a medical consultant, and would support defendant's argument that Sanders is not a SDM. Regardless, this dispute does not disturb the ALJ's findings, as discussed above.

[2] As for Dr. Rosenthal's opinion on February 12, 2008 (R. 381), that plaintiff's ability to work was limited, the ALJ properly considered that opinion and discounted it because Dr. Rosenthal "[did] not give specific work-related limitations and the objective physical medical records support the limitations noted in the above residual functional capacity." (R. 16.) Plaintiff does not provide much support for Dr. Rosenthal's 2008 opinion, except that Dr. Rosenthal was plaintiff's primary care provider for several years. In any event, the court notes that to disturb the ALJ's finding with respect to this issue, which carefully considered the 2008 opinion as well as the objective physical medical records, would be to substitute its weighing of the evidence for the ALJ's, which is not the court's proper role.

6

Case 5:10-cv-00569-FL   Document 43   Filed 12/27/11   Page 6 of 8

reports in 2009, (R. 517, 527, 528), and was flexing and stretching in 2009 (R. 575). While the record also supports plaintiff's limitations, expressly acknowledged and considered by the ALJ, it does not support Dr. Rosenthal's more extreme findings of limitations. These are only a few citations from a record otherwise replete with support from various providers that does not support Dr. Rosenthal's two assertions that plaintiff's was completely disabled and unable to work.

Similar reasoning applies to plaintiff's objection that the ALJ improperly relied on the VA rating of twenty (20) percent disability. Plaintiff's argument is essentially that because the VA rating indicates that it refers to "service connected" disability, it should not be considered as contradictory evidence to Dr. Rosenthal's opinions of disability. The twenty (20) percent rating was not the only factor relied on by the ALJ in finding that Dr. Rosenthal's opinion was outweighed by the evidence. Rather it was one of many pieces of evidence in the record that did not support Dr. Rosenthal's opinions. The court also notes that the finding of only twenty (20) percent disability, even if only for service connected disability, is still notable evidence that contradicts with Dr. Rosenthal's findings. Additionally, the twenty (20) percent rating was made in March 2010, after both of Dr. Rosenthal's opinions were given.

Plaintiff argues that the ALJ erred when she "state[d] absolutely that there was 'no' support" for Doctor Rosenthal's opinion. However, the court agrees with defendant that plaintiff mis-quotes the ALJ. The ALJ found that there was support in the record for Dr. Rosenthal's opinion regarding limitations in repetitive reaching, and so incorporated this finding into the analysis at step four. The ALJ merely found "no" support for the "extreme limitations" noted by Dr. Rosenthal regarding the claimant's ability to lift, carry, sit, stand, walk, handle, and finger. (R. 16-17.) As noted above, the court finds that the ALJ's conclusions are supported by the weight of the record.

7

Accordingly, the court adopts the findings of the magistrate judge as laid out in the M&R, and overrules plaintiff's objection to the same.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full, GRANTS defendant's motion for judgment on the pleadings (DE # 36), DENIES plaintiff's motion for judgment on the pleadings (DE # 32), and upholds the final decision of the Commissioner. The Clerk is directed to close this case.

SO ORDERED this the 26th day of December, 2011.

LOUISE W. FLANAGAN
United States District Judge